

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 21  AM 9:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, **Plaintiff** | § § § | CIVIL ACTION: **06-6170** SECTION: JUDGE: **SECT. B MAG. 4** |
| versus | § § § | JURY TRIAL DEMANDED |
| THE MONTALBANO GROUP OF METAIRIE, INC. **Defendant** | § § § | MAG. NUMBER: MAGISTRATE: |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Michelle King ("Ms. King"), who was adversely affected by being discharged by her former employer, The Montalbano Group of Metairie, Inc. because of her pregnancy.

- 1 -

Fee USA
Process
X Dktd
___ CtRmDep
___ Doc. No.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). The unlawful actions which are the subject of the instant lawsuit occurred within the district of this Court.

## PARTIES

3.

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

Made Defendant herein is The Montalbano Group of Metairie, Inc. ("Defendant" or the "Employer"). At all relevant times, Defendant has been a corporation organized under the laws of, and doing business within, the State of Louisiana, and has at all times relevant had at least fifteen (15) employees.

5.

At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### STATEMENT OF CLAIMS

6.

More than thirty (30) days prior to the institution of this lawsuit, Ms. King filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

a. Ms. King began working for Defendant in Metairie, Louisiana, as an executive assistant in 1999.

b. Ms. King resigned her position with Defendant in or around the end of March 2003. She shortly thereafter moved to Florida.

c. In June of 2003, Defendant asked Ms. King to head up a new office in Tampa, Florida, where she would be a Vice President. Ms. King accepted the offer and the Tampa office was operational in August of 2003.

d. In September of 2003, Ms. King informed Defendant's owner and president, Herb Montalbano, Jr. that she was pregnant.

e. In December of 2003, Mr. Montalbano informed Ms. King that he was going to terminate her employment, stating in an email: "Right now I feel the best thing to do is for you to have your baby and for the next three months nurture him or her and

  we'll discuss coming back probably around April or May. There is no way you can be a good mother while achieving what I aspire in Tampa."

f. Defendant terminated Ms. King's employment, effective on or about March 31, 2004, because of her pregnancy, in violation of Title VII.

8.

Under Section 701(k) of Title VII, discrimination against an individual because of, or on the basis of, pregnancy constitutes discrimination "because of sex." 42 U.S.C. § 2000e(k).

9.

The unlawful practice by Defendant complained of herein has deprived Ms. King of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex or, more particularly, because of her pregnancy.

10.

The unlawful employment practices complained of herein were intentional.

11.

Defendant committed the unlawful employment practices complained of herein with malice or with reckless indifference to Ms. King's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C.     Order Defendant to make Ms. King whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement;

D.     Order Defendant to make Ms. King whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined in the course of the proceedings;

E.     Order Defendant to make Ms. King whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F.     Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.     Award the Commission its costs of this action; and

H. Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

**RONALD S. COOPER**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leeland Federal Building
1919 Smith Street
Houston, Texas 77002-8049

*[signature]*

**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA 70112
Tel:   (504) 589-6817 (Main Legal #)
       (504) 595-2877 (Juge)
Fax:   (504) 595-2886 or 589-6861
email: gregory.juge@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR
SERVICE OF PROCESS:**

HERBERT P. MONTALBANO, JR.
8658 QUARTERS LAKE RD.
BATON ROUGE, LA 70809